UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY L. NEWMAN, III,<br><br>        Petitioner,<br><br>    v.<br><br>KING'S COUNTY CLERK'S OFFICE, et al.,<br><br>        Respondents. | Case No. 1:20-cv-01251-HBK<br><br><u>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO PROSECUTE, FAILURE TO STATE A COGNIZABLE CLAIM AND FAILURE TO EXHAUST HIS CLAIM</u>[1]<br><br><u>OBJECTIONS DUE IN THIRTY DAYS</u><br><br>(Doc. No. 1)<br><br><u>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE</u> |

      Petitioner Jimmy L. Newman, III, a state prisoner, has pending a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.[2] (Doc. No. 1). The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[2] Petitioner previously sought habeas relief in this court. *See Newman v. CDCR*, 1:20-cv-01118-NONE-HBK (E.D. Cal. Dec. 9, 2020). Because the petition raises a different claim against a different respondent, the court does not deem the instant petition duplicative or successive of petitioner's earlier petition, which was dismissed for petitioner's failure to exhaust his claims. (*Id*. at Doc. Nos. 7, 8).

Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).

I. BACKGROUND

Petitioner initiated this case on September 3, 2020 by filing the instant petition. (Doc. No. 1). Petitioner is currently serving a four-year term of imprisonment for assault with a deadly weapon entered by the King County Superior Court. (*Id*. at 2). The petition advances one claim for relief: The King County Superior Court clerk's office is discriminating against petitioner by failing to forward his case files to the California Department of Corrections and Rehabilitation ("CDCR") "for processing and evaluation." (*Id*. at 3). On November 30, 2020 and April 19, 2021, orders sent by the court to petitioner were returned marked "Undeliverable, Inmate Not Here." (*See* docket).

II. APPLICABLE LAW AND ANALYSIS

a. Petitioner Has Failed to Prosecute This Action

This court's Local Rules require litigants to keep the court appraised of their current address, specifically providing:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Local Rule 183(b) (E.D. Cal. 2019). Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's rules or any order of the court.

Before dismissing an action under Rule 41(b), the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk

of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

The undersigned considers the above-stated factors and concludes the majority of the above factors favor dismissal in this case. The expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a respondent. *See Sibron v. New York*, 392 U.S. 40, 57 (1968). Finally, less drastic remedies in lieu of dismissal, such as, directing petitioner to submit an updated address, or an

order to show cause why the case should not be dismissed for failure to comply with Local Rules would be an act of futility because the order would be returned without delivery. Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice.

Here, two orders from the court addressed to petitioner were returned as undeliverable. (*See* docket entries dated November 30, 2020 and April 19, 2021). Contrary to Local Rule 183(b), more than 63 days have passed since the first order was returned as undeliverable and petitioner has not updated his mailing address or otherwise contacted the court. After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rules 110 and 183(b).

b. The Petition Does Not State a Cognizable Claim

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To pass initial screening under Rule 4, petitioner must allege a violation of "clearly established federal law"—meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S. 415, 419 (2014). Habeas relief is not available where a favorable judgement would not "necessarily lead to [a petitioner's] immediate or earlier release from confinement." *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).

The sole claim raised in the petition is that state court clerks are discriminating against him in their handling of his legal filings. (*See* Doc. No. 1 at 3). This claim does not allege that petitioner is in custody due to a violation of clearly established federal law. Petitioner cannot show how a favorable judgment would necessarily lead to his immediate or earlier release from custody.[3] Such a claim of discrimination at the hands of county officials is best directed to the

---

[3] Petitioner also fails to name the proper respondent. "[I]n habeas challenges to present physical confinement— 'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); 28 U.S.C. § 2242. Petitioner identifies the Kings County Superior Court and its clerks as respondents. Neither Kings County Superior Court nor its clerks have custody of petitioner.

4

county court in which the alleged discrimination has taken place. To the extent that petitioner is attempting to articulate a Fourteenth Amendment due process claim, his claim is better suited to a civil rights complaint filed pursuant to 42 U.S.C. § 1983, not a claim for habeas relief. Thus, the undersigned recommends dismissal because the petition fails to articulate a cognizable claim.

### c. Petitioner Has Failed to Exhaust Claim

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Here, petitioner presents no evidence that he has sought review of his claims before the state appellate and supreme courts.[4] Indeed in his petition petitioner denies that he sought relief on appeal or in the California Supreme Court. (Doc. No. 1 at 6). Accordingly, even if the claim stated a cognizable claim for relief, which it does not, petitioner has failed to exhaust his claim. If petitioner has presented his claim to the appropriate state courts, he should provide proof of these filings to the court in his objections to these findings and recommendations.

---

[4] The court reviewed the California Courts Appellate Courts Case Information online database and takes judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Courts Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Jimmy Newman"). The online database lists no appellate cases for petitioner.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is ORDERED:

The clerk of court is directed to assign this case to a district judge.

Further, it is RECOMMENDED:

1. The petition (Doc. No. 1) be DISMISSED.

2. Petitioner be denied a certificate of appealability.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 29, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE