UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY L. NEWMAN, III,<br><br>                Petitioner,<br><br>    v.<br><br>KING'S COUNTY CLERK'S OFFICE, *et al*.,<br><br>                Respondents. | Case No. 1:20-cv-01251-NONE-HBK<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE</u><br><br>(Doc. Nos. 1, 7) |

      Petitioner Jimmy L. Newman, III, is a current or former state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On November 17, 2020 and April 6, 2021, the court served two orders on petitioner at his address of record, but both were returned to the court by the U.S. Postal Service as undeliverable with a notation indicating that petitioner was not at that location. (*See* Doc. Nos. 4, 5.) On April 29, 2021, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed due to petitioner's failure to prosecute, failure to state a cognizable claim, and failure to exhaust. (Doc. No. 7.) The pending findings and recommendations were served on petitioner at his address of record and contained notice that any

objections thereto were to be filed within thirty (30) days of service. (*Id*. at 6.) The findings and recommendations were mailed to petitioner at his address of record on the date issued. However, on May 6, 2021, the findings and recommendations were returned to the court by the U.S. Postal Service as undeliverable with the same notation indicating that petitioner was not at that address.[1] To date, petitioner has not filed a notice of change of address with this court as required nor has he communicated with the court in any way.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court adopts the findings and recommendations insofar as they recommend dismissal due to petitioner's failure to prosecute this action. The court therefore finds it unnecessary to address the other grounds for dismissal discussed in the findings and recommendations.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. The federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

/////

---

[1] According to his habeas petition filed on September 3, 2020, petitioner stated that he was then incarcerated at Kings County Jail with an expected release date of January 22, 2021. (Doc. No. 1 at 2.)

2

Accordingly:

1. The findings and recommendations issued on April 29, 2021, (Doc. No. 7), recommending that this petition be dismissed for failure to prosecute is adopted;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: **July 11, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE